IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE: ) | |
| RUSSELL A. BROOKS ) | Case No. 15-80927 |
|    SSN:xxx-xx-0397 ) | Chapter 13 |
| ALISHA D. BROOKS ) | |
|    SSN:xxx-xx-9754 ) | |
| ) | |
| 1011 MATTOX LN ) | |
| SALLISAW, OK 74955 ) | |
|            Debtor(s). ) | |

**TRUSTEE'S BRIEF IN SUPPORT OF OBJECTION TO CLAIM**

**COMES NOW,** the Trustee, William Mark Bonney, and for his brief in support of his objection to proof of claim states:

**FACTS**

1. This case was filed on August 29, 2015.

2. The claims bar date for this case was January 6, 2016.

3. The Debtors filed a modified plan on May 10, 2016 which listed the pre-petition arrears owed to Loan Care, hereinafter Creditor, at zero.

4. The Creditor did not object to this modified plan and the plan was confirmed.

5. Moreover, the Creditor did not file a proof of claim until June 22, 2016, six months after the bar date had passed.

6. The Creditor received full notice of the bar date, and that the modified plan could be confirmed if it did not object.

7. The Trustee filed an objection to the Creditor's proof of claim on October 11, 2016.

8. Subsequently, the Creditor filed a response to the Trustee's objection. In its response, the Creditor alleged no basis in law or fact for denying the Trustee's objection. Rather, the

Creditor simply stated that it had filed the response "to protect the Creditor's rights regarding its proof of claim" and that the Creditor "is currently researching items raised in the Objection."

## DISCUSSION

9. The bankruptcy system is built on deadlines. *In re Henry,* 532 B.R. 844 (Bankr. N.D. Okla. 2015).

10. A creditor's failure to timely file a claim by the bar date, or to object to the confirmation of a Chapter 13 plan, can result in an impairment of that creditor's rights.

11. "If a creditor does not like how it is treated in a Chapter 13 plan, it must object to the plan within the time allowed for such an objection or forever hold its peace." *In re Henry,* 532 B.R. 844 (Bankr. N.D. Okla. 2015). Here, the Creditor received proper notice of the Debtor's modified plan, and now seeks to wind back the clock on this case. The Creditor has failed to file an objection to the plan, which is now confirmed and is binding on the Creditor.

12. The Creditor failed to timely object to the proposed modified plan. As such, the Creditor "is bound by the terms of the plan with respect to the amount of its pre-petition arrearage." *In re Henry,* 532 B.R. 844 (Bankr. N.D. Okla. 2015).

13. Also, the Creditor has failed to file a claim by the bar date. Other courts have held that it is necessary for all creditors, both secured and unsecured, to file a timely claim in order for it to be allowed. *In re Pajian,* 785 F.3d 1161 (7th Cir. 2015).

14. Because the Creditor failed to file a timely claim, and failed to timely object to the modified plan, the Trustee's objection to claim should be granted.

15. The Creditor is only entitled to the principal balance which would have been due on the petition date assuming all payments had been made pre-petition, and the projected escrow shortage. All principal and interest, fees and escrow advanced from the pre-petition arrears should be disallowed.

16. As such, the Creditor's claim should be allowed only in the amount of $114,850.11, and any remaining amount be disallowed.

**WHEREFORE,** the Trustee urges the Court to grant his objection to proof of claim filed on October 11, 2016.

Respectfully submitted

/s/William Mark Bonney
William Mark Bonney, OBA #12221
Jacob R. Parker, OBA #32848
Office of the Standing Chapter 13 Trustee
215 State Street, STE 1000
P.O. Box 1548
Muskogee, OK 74402-1548
Tel: (918)683-3840
Fax: (918)683-3302
trustee@edok13.com

# CERTIFICATE OF MAILING

      I, William M. Bonney, do hereby certify that on the February 2, 2017, true and correct copies of the **Trustee's Brief in Support of Objection,** was mailed, with proper postage prepaid thereon, to the party or parties not receiving electronic notice as set forth on the attached notice of electronic filing, and to the interested parties listed below:

Russell and Alisha Brooks
1011 Mattox Lane
Sallisaw, OK 74955

                                      /s/ William Mark Bonney
                                      William Mark Bonney, Trustee OBA #12221
                                      Jacob R. Parker, OBA #32848
                                      Office of the Standing Chapter 13 Trustee
                                      P.O. Box 1548
                                      Muskogee, OK 74402-1548
                                      Tele: (918)683-3840
                                      Fax: (918)683-3302
                                      trustee@edok13.com