IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:
RUSSELL ASHLEY BROOKS             Case No.: BK-15-80927-TRC
ALISHA DIANE BROOKS,              Chapter 13

    DEBTORS.

**CREDITOR AMERICAN FINANCIAL RESOURCES, INC.'S, SUPPLEMENTAL
RESPONSE TO OBJECTION TO CLAIM and BRIEF IN SUPPORT**

Comes now the secured creditor, American Financial Resources, Inc. (hereinafter "AFR"), by their attorneys, Baer & Timberlake, P.C., and hereby supplements its Response to Objection to Claim Number 13 filed by the Trustee on October 11, 2016.

**STATEMENT OF THE CASE**

Creditor, AFR is the holder of a first mortgage lien on the principal residence of the Debtors, Russell Ashley Brooks and Alisha Diane Brooks (hereinafter "Debtors"). AFR instituted foreclosure proceedings against the Debtors on March 11, 2015, in the District Court of Sequoyah County, Oklahoma, in Case No. CJ-2015-37, alleging that the Debtors were in default for payments due from December 1, 2013. The Debtors did not respond to Plaintiff's Petition, and a default judgment, determining the validity, priority and extent of AFR's lien, was entered therein on May 28, 2015. The principal residence was sold at Sheriff's Auction on July 22, 2015, and a hearing on Plaintiff's Motion to Confirm Sheriff's Sale was scheduled for August 31, 2015. That motion is pending.

The Debtors filed their Chapter 13 Petition on August 29, 2015. AFR was listed as a secured creditor on Schedule D, and the subject property was listed as owned on Schedule A. The Debtors filed their Chapter 13 Plan on the same date, which designated maintenance of payment on secured long term liens as Class II.A., and the amounts necessary to cure all pre-

petition and post-petition defaults of secured claims as Class II.B. Section 3.G. of the Plan specified that tardily filed claims are deemed allowed, but that the Trustee should make no distribution upon such a claim until the Court enters an order allowing or disallowing the claim. The Plan was confirmed on November 9, 2015.

A Motion to Modify the Plan and a Modified Plan were filed on May 10, 2016, proposing that no payments would be made to AFR on its Class II.B. arrearage, and an Order Approving Modification was entered on June 17, 2016. Neither the Debtors nor the Trustee attempted to file a proof of claim in order to have the secured claim included in the Plan.

AFR filed its Proof of Claim on June 22, 2016, claiming an unpaid principal balance of $118,202.95, plus interest, and a pre-petition arrearage of $27,186.26. Trustee William Bonney filed his objection to AFR's claim on October 11, 2016, and AFR filed its Response to the objection on October 25, 2016.

## ARGUMENT AND AUTHORITY

**I:  The Court should allow the claim of AFR in its entirety so that the secured lien of AFR will be fully reinstated, and the loan deemed current at the completion of the Plan. Failure to satisfy the secured lien will result in AFR's retention of a valid and enforceable lien.**

**A. Lien will remain valid.**

Section 506(d) of the United States Bankruptcy Code, 11 U.S.C. §506(d), "(t)o the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless—(2) such claim is not an allowed claim due only to the failure of any entity to file a proof of such claim under section 502 of this title."  Here, the lien of AFR may be disallowed solely for the reason of its untimely filing, and will therefore remain a fully collectible valid lien.

A valid lien on real property passes through bankruptcy unaffected. Dewsnup v. Timm, 502 U.S. 410, 418 (1992). In Dewsnup the Court recognized that in enacting the Bankruptcy Code, Congress understood that a statute cannot compel a "mortgagee to relinquish the property to the mortgagor free of the lien unless the debt was paid in full." Id., at 419. "The creditor's lien stays with the real property until the foreclosure." Id., at 417. Here, AFB's arrearage lien will pass through bankruptcy unaffected, and the property cannot be deemed to be free of the debt unless the debt is paid in full.

In In re Shelton, the mortgage holder on Debtor's residence filed its Proof of Claim out of time, and while the Debtors did not object to the validity of the underlying debt, they did file an adversary proceeding which sought to avoid the lien. In re Shelton, 735 F.3d 747, 748 (8th Cir. 2013). The court in Shelton concluded that §506(d) "did not void liens where an associated claim was rejected solely due to its untimeliness." Id. Here, the sole reason for disallowing AFB's claim is that it was not timely filed, and the lien may not thereby be voided.

Section 506(d) of the United States Bankruptcy Code, 11 U.S.C. §506(d) was previously addressed in Hamlett v. AmSouth Bank, 322 F.3d 342 (4th Cir. 2003). In Hamlett, a mortgage holder filed five proofs of claim after the bar date, those claims were disallowed, and the Debtor filed an adversary proceedings seeking to avoid the liens. Id., at 345. The court in Hamlett found, "506(d) only empowers the bankruptcy court to void liens supporting disallowed claims if it judges those liens to be invalid in substance." Id., at 348. The Hamlett court further stated, "the failure to file a timely claim, like the failure to file a claim at all, does not constitute sufficient grounds for extinguishing a perfectly valid lien." Id., at 349. Here, there have been no challenges made to the validity or substance of AFR's secured lien, and therefore, the lien should not be avoided.

Case 15-80927    Doc 69    Filed 02/02/17    Entered 02/02/17 16:57:16    Desc Main
Document    Page 3 of 7

### B. The Debtor or Trustee could have filed claim.

Section 506(c) of the United States Bankruptcy Code, 11 U.S.C. §501(c) provides that if "a creditor does not timely file a proof of such creditor's claim, the debtor or trustee may file a proof of such claim." Here, the Debtors were fully aware of the arrearage obligation as evidenced by the entry of the foreclosure judgment in state court and their inclusion of the arrearage in the original plan.

Despite actual knowledge of the arrearage and the provisions of 11 U.S.C. §501(c), the Debtors (at the Trustee's suggestion), chose instead to file an amended Chapter 13 Plan showing zero arrearages due AFR.

### C. A Chapter Plan cannot modify mortgage.

11 U.S.C. §1322(b)(2) provides that a Chapter 13 Plan may not modify the rights of a holder of a claim secured only by the debtor's principal residence. Since the mortgage held by AFR is secured by the principal resident of the Debtors, the Chapter 13 Plan may not modify AFR's rights.

While some courts have held that a secured creditor is bound by the terms of a confirmed Plan, and that failure to object to the Plan has a preclusive effect on the secured creditor, those cases are distinguished from the instant case. In re Passavant involved a secured creditor who timely filed its Proof of Claim, and the claim was fully paid through the Plan. In re Passavant, 444 B.R. 378, 380 (Bankr. S.D. Ohio, 2010). Upon completion of the Plan, the Trustee moved for an Order that the mortgage be deemed current. Id., at 382. The creditor filed an Amended Proof of Claim eight months after that Motion, claiming additional arrearage. Id., at 383. The creditor's additional claim for arrearage lien was voided, because the creditor had an opportunity

to amend or supplement its claim earlier in the bankruptcy case. Id., at 385. Here, the entire claim for arrearage has been removed from the Plan, and the preclusion described in Passavant is not applicable.

Further, in Passavant the Chapter 13 Plan had successfully completed and the underlying validity of the Proof of Claim was previously litigated through objections and amendments. In the present action, neither has the Chapter 13 Plan completed nor has the Proof of Claim been subjected to litigation.

In a recent case in Oklahoma, the debtors filed a plan that proposed to pay the first mortgage lien on the homestead. In re Henry, 532 B.R. 844, 845 (Bankr. N.D. Okla. 2015). When the creditor failed to timely file a Proof of Claim, the Debtors filed a claim on its behalf. Id. Two years later the creditor filed an Amended Claim, asking for a larger amount of arrearage, and the Debtors objected. The court in Henry found that the creditor had waived its rights to the greater claim, and was bound by the terms of the Plan. Id., at 849. Here, although given the opportunity to include the arrearage by filing a Proof of Claim on behalf of AHR, the Debtors instead removed the arrearage claim from the Plan altogether. The Plan therefore does not preclude AFR from enforcing its secured claim upon completion of the Plan.

Further, the effect of confirmation found at 11 U.S.C. §1327 cannot be construed to undercut other provisions of the Bankruptcy Code. Cen-Pen v. Hanson, 58 F.3d 89, 92 (4th Cir. 1995). The Plan in Cen-Pen provided that "to the extent that the holder of a secured claim does not file a proof of claim, the lien of such creditor shall be voided upon the entry of the Order of Discharge .. . ." Id., at 91. The Plan treated the claim of Cen-Pen as unsecured. Id. When Cen-Pen filed a complaint to have its lien declared to be secured, the debtors asserted that the

confirmed plan invalidated the liens under 1327(b) and (c). Id., at 92. The court in Cen-Pen found that this interpretation ignored the rule that liens pass through bankruptcy unaffected. Id., (quoting Dewsnup v. Timm, 502 U.S. 410, 418). "A bankruptcy discharge extinguishes only *in personam* claims against the debtor(s), but generally has no effect on an *in rem* claim against the debtor's property." Id., (quoting Johnson v. Home State Bank, 501 U.S. 78,84 (1991). The Cen-Pen court further found that Bankruptcy Rule 7001(2) requires that, in order to avoid a secured lien, the debtors must initiate an adversary proceeding. Id., at 93. (See also, SLW Capital, LLC v. Mansaray-Ruffin, 530 F.3d 230, 242 (3rd Cir. 2008), holding that an adversary proceeding is necessary to invalidate a mortgage lien.) Here, no adversary proceeding has been commenced, and therefore the plan may not preclude AFR from enforcing its secured lien at the conclusion of the bankruptcy.

## Conclusion

In order for the mortgage lien held by AFR to be declared current at the completion of the Chapter 13 Plan, the claim of AFR should be allowed. Since the lien evidenced by a disallowed secured claim survives bankruptcy intact, and since the Chapter 13 Plan cannot modify the rights of the secured creditor, AFR will retain a fully secured and enforceable lien on the Debtors principal residence which may be enforced absent compliance with the underlying contractual obligations.

Case 15-80927    Doc 69    Filed 02/02/17    Entered 02/02/17 16:57:16    Desc Main
Document    Page 6 of 7

confirmed plan invalidated the liens under 1327(b) and (c). Id., at 92. The court in Cen-Pen found that this interpretation ignored the rule that liens pass through bankruptcy unaffected. Id., (quoting Dewsnup v. Timm, 502 U.S. 410, 418). "A bankruptcy discharge extinguishes only *in personam* claims against the debtor(s), but generally has no effect on an *in rem* claim against the debtor's property." Id., (quoting Johnson v. Home State Bank, 501 U.S. 78,84 (1991). The Cen-Pen court further found that Bankruptcy Rule 7001(2) requires that, in order to avoid a secured lien, the debtors must initiate an adversary proceeding. Id., at 93. (See also, SLW Capital, LLC v. Mansaray-Ruffin, 530 F.3d 230, 242 (3rd Cir. 2008), holding that an adversary proceeding is necessary to invalidate a mortgage lien.) Here, no adversary proceeding has been commenced, and therefore the plan may not preclude AFR from enforcing its secured lien at the conclusion of the bankruptcy.

## Conclusion

In order for the mortgage lien held by AFR to be declared current at the completion of the Chapter 13 Plan, the claim of AFR should be allowed. Since the lien evidenced by a disallowed secured claim survives bankruptcy intact, and since the Chapter 13 Plan cannot modify the rights of the secured creditor, AFR will retain a fully secured and enforceable lien on the Debtors principal residence which may be enforced absent compliance with the underlying contractual obligations.

AMERICAN FINANCIAL RESOURCES, INC.,

By: s/ Matthew J. Hudspeth
MATTHEW J. HUDSPETH - #14613
JIM TIMBERLAKE - #14945
Baer Timberlake, P.C.
4200 Perimeter Center, Suite 100
Oklahoma City, OK 73102
Telephone: (405) 842-7722
Fax: (918) 794-2768
Attorney for Movant

## **CERTIFICATE OF SERVICE**

I hereby certify that I mailed a true and correct copy of the above and foregoing Brief with postage thereon fully prepaid to the parties listed below on February 2, 2017.

Russell and Alisha Brooks
1011 Mattox Lane
Sallisaw, OK 74955

The following persons should have received notice of the above and foregoing instrument on the same day it was filed by the Court's CM/ECF Electronic Noticing System.

William Mark Bonney, Trustee

Terry D. Bigby, Debtors' Attorney

By: s/ Matthew J. Hudspeth
MATTHEW J. HUDSPETH - #14613
JIM TIMBERLAKE - #14945