**Dated: April 13, 2017**

**The following is ORDERED:**



**TOM R. CORNISH**
**UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

RUSSELL A. BROOKS                                     Case No. 15-80927-TRC
ALISHA D. BROOKS,                                     Chapter 13

        Debtors.

## ORDER DISALLOWING PROOF OF CLAIM

Before the Court is Trustee's Objection to Proof of Claim #13-1 of American Financial Resources, Inc., aka LoanCare, LLC (Doc. 64) with Brief in Support (Doc. 68), Response by Creditor American Financial Resources, Inc. (Doc. 66) and Supplemental Response (Doc. 69). The Court heard arguments of counsel and took this matter under advisement. Based upon its review of this case and applicable law, the Court finds that Trustee's objection should be sustained, and American Financial Resources, Inc.'s late-filed pre-petition arrearage claim is disallowed.

**I.    Jurisdiction**

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(a). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

## II. Background

This case was filed on August 29, 2015. The Notice of Chapter 13 Bankruptcy was entered and mailed to creditors, including Creditor American Financial Resources ("AFR"), that same day. The Notice provided that the Meeting of Creditors would be held October 8, 2015, a confirmation hearing would be held November 5, 2015 with objections to the Plan due the Friday before, and that creditors desiring to receive a distribution under the chapter 13 plan must file a proof of claim by January 6, 2016. Debtors' Plan proposed to pay AFR's ongoing mortgage payment as well as pre-petition arrearages of $ 17,196.30, and post-petition arrearages of $ 955.35. AFR did not file a timely proof of claim nor did it file an objection to confirmation of Debtors' plan. The plan was confirmed on February 12, 2016. Debtors filed a motion to modify plan on May 10, 2016, stating that AFR had failed to file a proof of claim, resulting in Debtors' valuing AFR's arrearage claims at $ 0, and reducing its plan payments to exclude payments on the arrearages. Debtors' modified plan did propose to pay the ongoing monthly mortgage payment at the contract rate of interest. Again, AFR failed to file an objection to confirmation, so Debtors' modified plan was confirmed on June 17, 2016. Several days later, on June 22, 2016, AFR filed its proof of claim listing a pre-petition arrearage of $ 27,186.26.

The Plan contains numerous notices to creditors that they must timely file a proof of claim and participate in the confirmation process if they expect to receive distributions under the plan. The Plan begins with this warning:

**NOTICE TO CREDITORS: YOU SHOULD READ THIS PLAN. EACH PARAGRAPH CONTAINS INFORMATION AND TERMS WHICH MAY AFFECT YOUR RIGHTS, INCLUDING YOUR RIGHT TO PAYMENT OF YOUR CLAIM AND RETENTION OF YOUR LIEN RIGHTS OR SECURITY INTEREST. FAILURE TO OBJECT TO CONFIRMATION OF THIS PLAN OR FAILURE TO TIMELY FILE A PROOF OF CLAIM MAY RESULT IN THE LOSS OF YOUR SECURITY INTEREST OR RIGHT TO PAYMENT. YOU SHOULD CONSULT AN ATTORNEY FOR LEGAL ADVICE.**

Following this opening, Section 1 of the Plan includes the definitions of terms used in the plan.

> X. Allowed Claims. The following definitions shall apply where no Objection to Claim or Motion to Disallow is filed. Where an Objection to Claim or Motion to Disallow are filed the Allowed Claim Amount shall be the amount allowed pursuant to order of the Court. The Court may completely disallow any secured or unsecured claim that is tardily filed.
>
> . . .
>
> > c. The Allowed Class II.B. Pre-Petition Arrearage Claim shall be the amount claimed by the creditor in a timely filed claim.

The plan also states that where default is cured and payments maintained on long term debts, liens are retained and the debt shall be declared fully reinstated:

> **SECTION 5. Classification and Treatment of Claims (11 U.S.C. §§1322 and 1325).**
> **CLASS II: Claims provided for under 11 U.S.C. §1322(b)(5).**
>
> Class II Claims are long term debts for which the default will be cured under Class II.B and/or the payments will be maintained until the filing of the Notice of Completion of Plan Payments. Class II claims are not discharged upon entry of a discharge and creditors holding Class II claims shall retain their liens under applicable non-bankruptcy law except that waiver, estoppel, laches and/or issue preclusion shall apply to the creditor and the debt so that the debt shall be fully reinstated on the filing of the Notice of Completion of Plan Payments. . . .

Trustee filed an objection to AFR's proof of claim, asking the Court to disallow the arrearage claim as untimely under 11 U.S.C. § 502(b)(9). AFR does not dispute that the proof of claim was untimely, nor that it should file a timely proof of claim if it expects to receive distributions under the plan. However, it argues that the Court should allow its late-filed claim so that its lien may be fully reinstated and Debtors' deemed current on their home mortgage upon the completion of their plan. AFR states that its lien remains valid regardless of whether its claim is disallowed, that Debtors or

Trustees had sufficient information from the foreclosure judgment to file a proof of claim on AFR's behalf pursuant to § 501(c), and that failure to provide for payment of its pre-petition arrearage claim in full through the plan is an impermissible modification of its rights under § 1322(b)(2).

**III.    Analysis.**

Where an objection to a filed proof of claim is filed as it was in this case, § 502(b) states that the court shall determine the amount of the claim and allow the claim , "except to the extent that — (9) proof of such claim is not timely filed . . . ."[1]  Since AFR's proof of claim was not timely filed, and since Trustee filed an objection to the arrearage portion of the claim, AFR's arrearage claim is disallowed pursuant to § 502(b)(9). The Court has no discretion here but to disallow a late-filed claim once an objection is raised, particularly when AFR does not dispute that it received proper notice of the claims filing deadline and no excusable neglect exists.

The result of the disallowance of the arrearage claim is that AFR will not receive distributions on its arrearage claim.  The terms of this District's plan plainly provide that failure to timely file a proof of claim may result in loss of payment under the plan.  AFR did not object to Debtors' modified plan which made no provision for the arrearage claim.  That modified plan has now been confirmed. The Court sustains the objection to AFR's arrearage claim only on the ground that AFR's proof of claim was filed after the bar date. It declines to rule at this time as to the value of AFR's lien or whether Debtors will be deemed current on their mortgage at the conclusion of the plan.

**V.    Conclusion**

---

[1] Two exceptions are stated, neither of which apply here.  One references tardy claims filed in chapter 7 cases under § 726(a).  The other exception is for claims of governmental units, which have an extended bar date of 180 days after the order for relief, and an additional 60 days after debtor files a tax return.

IT IS THEREFORE ORDERED THAT Trustee's Objection to Proof of Claim #13-1filed by American Financial Resources, Inc., aka LoanCare, LLC (Doc. 64) is **sustained** on the ground that it was filed after the bar date, and the pre-petition arrearage portion of the claim in the amount of $ 27,186.23 is **disallowed**.

Movant to notify all interested parties of this Order.

###